STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of John Larkin    }
                                   }
                                   }  Docket No. 159-9-99 Vtec
                                   }
                                   }

City of South Burlington,
Plaintiff,

                                   }
v                                   }
                                 }  Docket No. 244-10-00 Vtec
John Larkin, Gerald Milot,      }
Larkin-Milot Partnership, and   }
Michael and Kathryn Luciano,
Defendants.

Decision and Order on Second Motion for Summary Judgment

In Docket No. 159-9-99 Appellant appealed from a decision of the then-Zoning Board of Adjustment (ZBA) of the City of South Burlington regarding the height limit on Lot 49 in the Pinnacle subdivision. In May, 2000, the Court remanded the matter for the ZBA (now the DRB) to act on the merits of Appellant's appeal of the June 1999 Notice of Violation, as in the original decision the ZBA had treated it as a request for a variance. On remand, the ZBA upheld the notice of violation in July 2000. In Docket No. 244-10-00, in October 2000, the City filed an enforcement action to compel Defendants, among other things, to lower the building's height. The matters have been consolidated for hearing. The City has filed a second motion for partial summary judgment in Docket No. 159-9-99 Vtec.

Appellant-Defendant Larkin is represented by Carl H. Lisman, Esq.; the City is represented by Joseph S. McLean, Esq. The 1999 Notice of Violation was addressed to Mr. Milot and Mr. Larkin, as individuals. Mr. Milot has not appealed or entered an appearance in Mr. Larkin's appeal of the Notice of Violation, Docket No. 159-9-99 Vtec. None of the five Defendants, including Mr. Larkin, has filed an answer in Docket No. 244-10-00 Vtec.

First, the City argues that Appellant Larkin failed to appeal the July 11, 2000 decision of the DRB, after this Court had remanded the matter to the DRB. However, Appellant did originally attempt to appeal from the then-ZBA's action on his appeal of the notice of violation. The reason it was remanded by this Court is that the ZBA had improperly treated his appeal of the notice of

violation as an application for a variance. By remanding the matter, the Court did not divest itself of jurisdiction to consider the appeal of the notice of violation; rather, the Court merely provided for an orderly appeal by requiring the DRB to act on the matter in the first instance. Accordingly, the Court still has jurisdiction of Appellant's appeal of the notice of violation.

The City also has moved for summary judgment on Questions 1 and 2 of the Statement of Questions in Docket No. 159-9-99 Vtec, that is, to establish the methodology under the Zoning Regulations for measuring the height of the building in question, and to establish the height[1] of the building in question.

The parties agree that § 25.113 governs building height, which is measured from the "average preconstruction grade adjoining such structure." It sets a limit of 40 feet for pitched roofs and 35 feet for any other structure, and provides for DRB approval of increase in height above those limits under subsections (b), (c) and (g).

Preconstruction grade is defined as the grade existing on the property as of the date of an application for development approval, unless another grade has been established under § 25.117 as the preconstruction grade. Section 25.117 allows the DRB approve the placement or the removal of 20 or more cubic yards of fill. Removal or addition of less than that amount is unregulated by the Zoning Regulations.

The problem with applying these definitions to the lot in question is that the preconstruction grade is shown on the plan only by one contour line, at 389 feet above sea level. Even with the assumptions suggested by the City, an average grade cannot be established by a single contour line. Moreover, the City will need to establish which topographic reference point was used in the recorded plans.

Second, material facts are in dispute as to whether the preconstruction grade was raised by an unregulated addition of less than 20 cubic yards of fill.

Third, the approved plan also contains a notation that the allowed first floor elevation (FFE) is 394 feet above sea level, but does not indicate how far above the grade that first floor elevation was to be placed, although it may be possible to answer that question by measuring the plan to scale. If the actual first floor elevation as built is located at 394 feet above sea level, and if it can be ascertained from the approved plans how much the approved plans for the house extended above that approved first floor elevation, then it may be that the as-built height of the house conforms with the approved plans, whether or not it conforms to a 28-foot height as measured by the definition in the Zoning Regulations.

Accordingly, material facts are in dispute, even regarding the measurement of the as-built height of the house. Accordingly, all remaining issues in this matter must be set for trial. When the May 3 hearing was continued, the parties agreed that the matter could be set for a hearing in July. Please advise the Court of any dates on which the attorneys or witnesses are unavailable in July and August, as well as whether the matter can be concluded in a half day.

If it can, it will probably be set for July 12. In the interim, Docket No. 244-10-00 Vtec may be subject to a motion for default as to any party not filing an answer to it.

Done at Barre, Vermont, this 16th day of May, 2001.


_____

Merideth Wright
Environmental Judge


## Footnotes

[1.]    As the City notes, the height standards in the Zoning Regulations are distinct from the maximum permitted elevation standards for buildings in the Dorset Park View Protection Zone under §22.40 of the Zoning Regulations.